**UNITED STATES of America,**
**Plaintiff,**

v.

**Sam Meredith LAWSON, Defendant.**

**No. CR 72–1002.**

United States District Court,
D. South Dakota, N. D.

Feb. 8, 1973.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., for plaintiff.

Murray Ogborn, Aberdeen, S. D., for defendant.

## DECISION AND ORDER

BECK, District Judge.

This motion to suppress is on the theory that the rights of the defendant insofar as they are specified, under the 4th, 5th and 15th Amendments to the Constitution of the United States, were violated since the Government's acquisition of the gun to prove the two counts of the indictment was the result of an illegal search and seizure by the Aberdeen police on January 19, 1972.

The material facts having bearing on this motion are not in dispute, it being admitted that the defendant before the

search had been charged, arrested, convicted and then in custody on a charge of passing a worthless check and that the involved car then was in his possession and that of its owner at the Holiday Inn's parking lots.

Also admitted is the police taking of the car at those lots—its doors and trunk then being locked—towing it to the station, there broken into, its contents and the trunk's with the gun included then listed and that weapon subsequently turned over to the government and it on this motion the only existing evidence by which the charges in the two counts of the indictment can be proved.

That situation on the facts, is as it was in Preston v. United States, 376 U. S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 [1], with the Police Department's impounding the car, breaking into it and its trunk, making inventory of the contents and not within the rule of being "incidental to the arrest", but interferences not to be condoned, if on examination under well settled rules it appears that the individual rights of the defendant under the invoked 4th Amendment have been violated.

Background to be observed as the court seeks the answer or answers are in the cases, as for instance in United States v. Katz, 389 U.S. 347 at 357, 88 S.Ct. 507 at 514, 19 L.Ed.2d 576: "that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions", in Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 that such excep-

tions are "jealously and carefully drawn" and that "decisions of this Court have time and time again underscored the essential purpose of the Fourth Amendment to shield a citizen from warrantless intrusions into his privacy", and another in United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, to the effect *that the burden of showing a waiver of the constitutional rights under the Amendment is on those by whom the exemption is sought.* Other authority is in 3, Wright Federal Practice and Procedure, Rule 41, page 16 and in the language of the Amendment which seemingly bars exceptions except as they may have been specifically authorized.

Tested against that background it is to be observed that while the Police Department's breaking into the car and making inventory of its contents can be sanctioned under well established rules, it is otherwise, however, on the entry into the trunk, such act not being permitted except for and on the basis of established probable cause.

Such a cause did not exist. Not even is a claim to that effect being made. There was no connection between the check charge case and this one. The government has not met its burden of proving probable cause. It, moreover, has not met the stated established rule that a search without prior approval of a judge or a magistrate is per se unreasonable under the Amendment. Absent those requirements, it is for the court to conclude that the defendant's motion should be granted and allowed.

Accordingly, it is hereby ordered that the defendant's motion to suppress evidence should be, and the same is hereby granted and allowed.

---

1. See headnote on those facts reported at page 364.